UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES DALE PARKER, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:13-CR-56-TAV-HBG-1 |
| | ) | 3:16-CV-139-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 31]. During pendency of the action, Petitioner filed both a motion for leave to amend and proposed amendment [Docs. 34, 35]. The United States responded in opposition to the original petition on April 28, 2015 [Doc. 33] and proposed amendment on August 8, 2016 [Doc. 39]. Petitioner replied [Doc. 43]. For the reasons below, the motion for leave to amend and proposed amendment [Docs. 34, 35] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's amended § 2255 motion [Docs. 31, 35] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

On June 28, 2011, a law enforcement agent downloaded child pornography from a shared folder on Petitioner's computer using a peer-to-peer file-sharing program [Doc. 15]. A subsequent search of Petitioner's residence uncovered a computer which contained approximately 92 still images and 265 videos containing child pornography [*Id.*]. Petitioner later admitted that he had been downloading child pornography onto his hard drive since 2010, and pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5) [*Id.*].

Petitioner received a base offense level of eighteen for his child pornography offense under Section 2G2.2(a)(1) of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶ 18]. A two level enhancement for the use of file-sharing under Section 2G2.2(b)(3)(F) [*Id.* ¶ 19], a four level enhancement because some of the material portrayed sadistic or masochistic conduct under Section 2G2.2(b)(4) [*Id.* ¶ 20], a two level enhancement for the use of a computer under Section 2G2.2(b)(6) [*Id.* ¶ 21], a five level enhancement for having over 600 images under Section 2G2.2(b)(7)(D) [*Id.* ¶ 22], and a three-level reduction for acceptance of responsibility under Section 3E1.1 [*Id.* ¶¶ 28–29], resulted in a total offense level of thirty [*Id.* ¶ 30] and Guideline range of 97 to 120 months when combined with Petitioner's criminal history category I [*Id.* ¶ 53]. This Court sentenced Petitioner to 100 months' incarceration on March 31, 2014 [Doc. 30]. No appeal was taken.

Less than one year later—on March 30, 2015—Petitioner submitted the instant petition for collateral relief [Doc. 31]; he followed that filing with a motion for leave to amend and proposed amendment on June 27, 2016 [Docs. 34, 35].

The original filing articulates three theories of collateral attack. The first and second seek vacatur of Petitioner's conviction and sentence based on the fact that he lacked access to a law library during the period leading up to and after changing his plea and fact that he was "under the influence of methamphetamine at the time that he was arrested" and lacked sleep during the period leading up to his arraignment [Doc. 31 pp. 4–5]. The third challenges application of the enhancement under Section 2G2.2(b)(7)(D) by arguing that Petitioner "feels" there "may" have been fewer than 600 images [*Id.* at 7].

2

The proposed amendment—submitted on June 27, 2016—contains two additional proposed grounds. The first argues that counsel rendered constitutionally deficient assistance by failing to raise the arguments asserted in the original petition at sentencing or on direct appeal [Doc. 35 p. 6]. The second challenges the validity of Petitioner's sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* at 8 (challenging his aggregate sentence in light of *Johnson*)].

## II. TIMELINESS OF PETITION AND AMENDMENT

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. Timeliness of his

3

petition [Doc. 31] and proposed amendment [Doc. 35] depends on whether those documents were submitted in compliance with subsections (f)(1) and (f)(3).

### A. Timeliness of Petition and Supplements Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's conviction became final on April 14, 2014, fourteen days after the Court entered judgment on March 31, 2014. While the petition was submitted well within the one-year window that followed [Doc. 31 (filing date of March 30, 2015), the proposed amendment was not [Doc. 35 (filing date of June 27, 2016)].

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for relief based on a newly-recognized right made retroactively applicable on collateral review to justify submission of the proposed amendment after March 31, 2015, only the second proposed claim—the challenge based on *Johnson*—arguably satisfies the conditions required to trigger the renewed limitations period. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015)

4

(finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The motion for leave to amend and proposed amendment [Docs. 34, 35] will be **GRANTED IN PART** so far as they seek to include the *Johnson*-based request.

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the original filing, motion for leave to amend, and proposed amendment [Docs. 31, 34, 35], fail to reveal a single extraordinary circumstance justifying Petitioner's failure submit the first proposed ground within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to

5

multiple detention transfers and an illness). Because the first proposed claim is untimely, the merits of that ground will only be considered if it relates back to a timely filing.

###    C.    Relation Back Under Federal Rule of Civil Procedure 15(c)

When an amendment is untimely, the Court looks to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claim "relate[s] back" to a timely, original pleading and is thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

The first proposed claim—which challenges counsel's failure to raise the challenges in Petitioner's original petition at sentencing or on direct appeal—cannot be characterized as relating to a pre-existing, timely collateral challenge. As such, Petitioner's request for leave to amend and proposed amendment [Docs. 34, 35] will be **DENIED IN PART** so far as they seek leave to amend the petition to include the proposed ineffective assistance claim. *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008) (denying amendment "filed after [the limitation] period expires [absent] . . . relat[ion] back to the date of the original pleading").

6

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS OF TIMELY CLAIMS

As amended, the Petition includes four grounds for collateral relief: requests for vacatur of Petitioner's conviction and sentence based on the fact that he lacked access to a law library during the period leading up to and after changing his plea (Ground One), and fact that he as "under the influence of methamphetamine at the time that he was arrested" and lacked sleep during the period leading up to his arraignment (Ground Two) [Doc. 31 pp. 4–5]; a challenge to this Court's application of the Section 2G2.2(b)(7)(D) enhancement because he "feels" there "may" have been fewer than 600 images (Ground Three) [*Id.* at 7]; and a challenge to the validity of his sentence in light of *Johnson* [Doc. 36 at 8 (challenging his aggregate sentence)].

#### A. Grounds One and Two: Voluntary and Knowing Nature of Plea

This Court interprets Petitioner's first two grounds—lack of access to a law library, influence of methamphetamine at the time of his arrest, and lack of sleep thereafter [Doc. 31 pp. 4–5]—as a challenge to the voluntary and knowing nature of his guilty plea [*Id.* at 5 ("I was

7

high, scared, and not fully aware of these [sic] events of the two proceedings that had occurred and meanings and implications.")]. The challenge fails as a matter of law.

While "no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a *per se* rule rendering it 'uniformly invulnerable to subsequent challenge,'" *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)), "representations of the [petitioner], his lawyer, and the prosecutor at [the original plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding," *id.* at 74. "Solemn declarations in open court carry a strong presumption of verity," *id.*, and justify dismissal of any challenge based on conclusory assertions or contentions incredible on the face of the record, *id.*

The plea agreement clearly outlined the elements of the child pornography offense with which Petitioner was charged—knowing possession or access to material that contained an image of child pornography, as defined by 18 U.S.C. § 2256(8), with intent to view and knowledge regarding the content of the same under circumstance in which the child pornography was mailed, shipped or transported in interstate or foreign commerce by any means, or produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce [Doc. 15 ¶ 3]. The agreement also included a clear factual basis for the charge [*Id.* ¶ 4], the rights that Petitioner was giving up by pleading guilty [*Id.* ¶ 5], and the potential sentence he faced if convicted [*Id.* ¶¶ 1, 6]; he signed the agreement because he was in fact guilty [*Id.* ¶ 3]. Prior to accepting the guilty plea, this Court reviewed the nature of the charges and reiterated the consequences of the plea [Doc. 16]. At no point did Petitioner indicate that he had any physical or mental condition that was impairing his understanding of the proceedings [*Id.*].

8

To the extent that Petitioner cites intoxication at the time of his arrest as grounds for setting aside the plea, that argument fails because the plea agreement was not signed or guilty plea entered until nearly two months after his arraignment—more than enough time for the alleged intoxication to dissipate. To the extent he cites the absence of a law library and adequate sleep as grounds for setting aside the plea, those bald assertions are insufficient to overcome the presumed veracity of Petitioner's contradictory statements during the plea colloquy. *Compare Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant was bound by statements he made in response to the court's plea colloquy), *and Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein), *with Blackledge*, 431 U.S. at 74 (finding summary dismissal inappropriate where the petitioner provided specific detailed terms of the alleged broken promise; when, where, and by whom such promise was made; and the identity of a witness to that conversation).

### B. Ground Three: Application of Section 2G2.2(b)(7)(D) Enhancement

In his third ground, Petitioner requests an alteration of his sentence in light of the fact that the "number of videos . . . may have been miscalculated" [Doc. 31 p. 7]. The Court interprets this request as a challenge to the five level enhancement under Section 2G2.2(b)(7)(D).

Under Section 2G2.2, "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." U.S. Sentencing Guideline 2G2.2, cmt. n.4(B)(ii). Petitioner admitted to the possession of approximately 92 still images and 265 videos of child pornography [Doc. 15 ¶ 4], and thus stipulated to well in excess of the 600 images required for application of the Section 2G2.2(b)(7)(D) enhancement. This Court has been given no reason to doubt the

9

veracity of that prior sworn admission; Ground Three fails because the enhancement was properly applied.

### C. Ground Four: Designation as Career Offender after *Johnson v. United States*

Petitioner's fourth and final ground for relief attacks his aggregate sentence in light of the *Johnson* decision [Doc. 35 p. 8]. To the extent he suggests that he no longer possesses predicate offenses sufficient for categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1, or an enhanced base offense level under Section 2K2.1(a), the argument fails because the record conclusively demonstrates that he was never subjected to any of those provisions [Docs. 15, 30; PSR ¶¶ 18–22, 28–30, 53].[1]

## V. CONCLUSION

For the reasons discussed, the motion for leave to amend and proposed amendment [Docs. 34, 35] will be **GRANTED IN PART** and **DENIED IN PART**. Petitioner's amended § 2255 motion [Docs. 31, 35] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

10

Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE